IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:20-CR-00193 |
| | ) |
| v. | ) GOVERNMENT'S SENTENCING |
| | ) MEMORANDUM |
| ANDREW NORMAN OVERBECK, | ) |
| | ) |
| Defendant. | ) |

## TABLE OF CONTENTS

I. Background & Sentencing Issues ........................................................................... 1

II. Enhancement for Obstruction of Justice ............................................................... 2

III. Appropriate Sentence .......................................................................................... 5

IV. Conclusion ........................................................................................................... 7

### I. Background & Sentencing Issues

Defendant was charged with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II substance, in violation of Title 21 U.S.C. §§ 841(a) and 841(b)(1)(A) (Count One). (Dkt. 2 (Indictment)). Defendant was serving a term of supervised release for his 2002 conviction for conspiracy to distribute methamphetamine at the time of the offense conduct in this case, and a motion to revoke, along with multiple addendums, were filed. (4:02-CR-25 Dkt. 39, 142, 147, 157, 161.) In May 2021, Defendant entered a guilty plea to Count One. (Dkt. 23 (Plea Agreement)).

1

Sentencing is scheduled for November 9, 2022. In the government's view, the issues the Court must resolve at sentencing are: (1) applicability of the two-level enhancement for obstruction of justice, pursuant to United States Sentencing Guidelines (U.S.S.G.) §3C1.1; (2) Defendant's ability to pay a fine; (3) whether Defendant's sentence should run consecutively to his supervised release violation sentence in 4:02-CR-25; and (4) determination of a sentence that is sufficient but not greater than necessary.[1] There are no counts to dismiss at sentencing.

## II. Enhancement for Obstruction of Justice

Pursuant to U.S.S.G. §3C1.1, a two-level enhancement applies:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. §3C1.1. Pursuant to Application Note 1 to U.S.S.G. §3C1.1:

> Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction.

---

[1] Defense counsel advised the government that Defendant would be withdrawing his objection to the government's drug quantity calculation and agreeing to the conversion of the seized cash to actual methamphetamine for a base offense level of 36. In any event, in response to Defendant's contentions that the actual methamphetamine located in the eyeglasses case belonged to Ned Osborn as opposed to Defendant and that some of the seized $27,800 was proceeds from a legitimate business, Defendant stipulated in his plea agreement that he "knowingly possessed 13 grams of actual methamphetamine in an eyeglasses case" on September 9, 2020 and intended to distribute some or all of it, and that the $27,800 was drug proceeds. (Dkt. 23 at para. 8.)

U.S.S.G. §3C1.1, comment. (n.1). The Guidelines stated that an example of conduct covered by §3C1.1 is:

> destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so[.]

U.S.S.G. §3C1.1, comment. (n.4(D)).

The uncontested facts of the PSR establish by a preponderance of the evidence that the obstruction of justice enhancement is applicable. As in *United States v. Kempter*, 29 F.4th 960, 967 (8th Cir. 2022), Defendant's conduct "supports an inference that [Defendant] believed he was or would be under investigation, and thus willfully attempted to obstruct or impede the administration of justice."

On September 7, 2020, Defendant was arrested at 815 Lexington in Carlisle in response to Defendant being at the residence in violation of a no contact order. (PSR para. 10.) Defendant was on supervised release at this time, and previously, on June 19, 2020, Defendant had been arrested for multiple domestic assault offenses. (4:02-CR-25 Dkt. 142.) Because no one responded to a police officer's knock on the door of the residence, law enforcement obtained a search warrant for the residence, and located Defendant hiding in the basement with a police scanner. (PSR para. 12.) Defendant was arrested and booked into the county jail, and law enforcement obtained two additional search warrants for the residence to seize drugs and drug-related items from protected party's bedroom. (*Id.* at para. 13.) Two days later, from

jail, Defendant directed an associate over the phone to remove from 815 Lexington methamphetamine and $27,800 in U.S. currency that was hidden in the garage. (*Id.* at para. 14.)

Defendant's actions demonstrate that the believed he was or would be under investigation, and thus willfully attempted to obstruct or impede the administration of justice. By the fact that he was being held in jail, Defendant knew he was under investigation for, at the very least, violating the no contact order. Furthermore, because Defendant was facing new state charges while serving federal supervised release, it can be inferred Defendant knew he was under investigation for purposes of revocation. Finally, the residence at which he had been arrested two days earlier had at that point been the subject of three search warrants, including for drugs and drug-related items. Thus, it can be inferred that Defendant also knew he was under investigation for drug charges as well.

Defendant's argument that the enhancement is inapplicable because he did not instruct that any drugs and/or U.S. currency be concealed or destroyed is unavailing. Defendant was concealing his possession of methamphetamine and drug proceeds by instructing that the drugs and U.S. currency be removed from 815 Lexington, the location at which he had been hiding and subsequently arrested two days earlier. Moreover, to the extent Defendant argues that any obstructive conduct occurred before the investigation began, that argument is also unavailing. It is clear that Defendant's conduct was "purposefully calculated, and likely, to thwart the

4

investigation or prosecution of the offense of conviction." U.S.S.G. §3C1.1, comment. (n.1). Accordingly, the government respectfully requests that the Court apply the enhancement.

### III.  Appropriate Sentence

Based on the foregoing, the Guideline calculations are as follows:

    Base Offense Level:    36
    Obstruction of Justice:    +2
    Acceptance of Responsibility:    -3
    Total Offense Level:    35

Criminal History Category:  IV

Guideline Range: 262 to 327 months

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence to imposed -
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

A sentence at the bottom of the guideline range—262 months—is sufficient but not greater than necessary. Defendant's offense is serious. He possessed with intent to distribute over 100 grams of actual methamphetamine, along with $27,800 in drug proceeds. Although already taken into account through the obstruction enhancement, the criminal history computation and the supervised release revocation, the circumstance of the offense are also serious. Defendant possessed the methamphetamine and drug proceeds in a residence he was present in with the person who was the protected party in a no contact order. Defendant directed Osborn to remove the methamphetamine and drug proceeds from the residence where Defendant had been arrested and which had been the subject of multiple search warrants. All of these events occurred while Defendant was on supervised release for a prior federal drug conviction. Accordingly, the circumstances surrounding Defendant's possession of methamphetamine with intent to distributed are aggravating.

The Defendant's history and characteristics warrant a sentence at the bottom of the guideline range. This is Defendant's second federal drug conviction. In 2002, he was convicted of conspiracy to distribute methamphetamine. (PSR para. 49.) This is Defendant's fifth drug felony conviction. (*Id*. at paras. 41, 44, 47, 49.)

Based on the United States Probation Office's assessment, it appears Defendant has the ability to pay a fine. The government defers to the Court's judgment as to the appropriate amount but would request that a fine of not less than

$10,000.

Along with the United States Probation Office, the government asserts that the Court should order the sentence for the instant offense be served consecutively to the sentence imposed for revocation of supervised release. *See United States v. Roe,* 9 F.4th 754, 756 (8th Cir. 2021); U.S.S.G. §7B1.3(f).

### IV. Conclusion

Based on the foregoing, a sentence of 262 months is sufficient but not greater than necessary.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: */s/ Amy Jennings*

Amy Jennings
Assistant United States Attorney
U.S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: amy.jennings2@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on November 6, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the attorneys of record and U.S. Probation by:

___ U.S. Mail  ___ Fax  ___ Hand Delivery  _X_ ECF/Electronic filing
___ Email

UNITED STATES ATTORNEY
By: __*/s/Amy Jennings*__